1
2
3
4
5
6
7
8
9
10

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONNA M. RIVERS, | CASE NO. CV F 13-0087 LJO BAM |
| Plaintiffs, | **ORDER ON GOVERNMENT'S F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | (Docs. 4, 6, 7, 9.) |
| THE CLINIC OF SIERRA VISTA, | |
| Defendant. | |

**INTRODUCTION**

Defendant United States of America ("Government") seeks to dismiss pro se plaintiff Donna M. Rivers' ("Ms. Rivers'") medical malpractice sounding claims as barred for failure to exhaust administrative remedies and in turn to invoke this Court's subject matter jurisdiction. Ms. Rivers has filed papers to dismiss her medical malpractice sounding claims and to seek remand to the Fresno County Superior Court. This Court considered the Government's F.R.Civ.P. 12(b)(1) motion to dismiss and Ms. Rivers' papers on the record and VACATES the February 28, 2013 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DISMISSES Ms. Rivers' medical malpractice sounding claims and REMANDS to FRESNO County Superior Court Ms. Rivers' remaining claims.

1

**BACKGROUND**

Ms. Rivers proceeds on her California Judicial Council form complaint ("complaint") to allege medical malpractice sounding and other claims.  The Government removed Ms. Rivers' action to this Court.  The complaint identifies the defendant as The Clinic of Sierra Vista, the true name of which is Clinica Sierra Vista ("clinic").

The Government has certified the clinic and its employee nurse Joanna Washington ("Nurse Washington") as deemed  Public Health Service employees pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233 ("section 233").  Section 233(a) and (c) provide that on filing such certification, an action for personal injury resulting from the performance of medical functions is "deemed a tort action brought against the United States" under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  The FTCA "shall be exclusive of any other civil action or proceeding by reason of the same subject matter" against a deemed employee.  42 U.S.C. § 233(a). The FTCA provides such action "shall be deemed an action against the United States under the provisions of this title . . ., and the United States shall be substituted as the party defendant." 28 U.S.C § 2679(d)(2); *see United States v. Smith*, 499 U.S. 160, 164, n. 5, 111 S.Ct. 1180, 1184, n. 5, 113 L.Ed.2d 134 (1991).

The complaint appears to attempt to allege a medical malpractice claim in that the clinic "has failed to warn rivers [sic] of there [sic] constant change in doctor and tha rivers [sic] would never ever be seen by the doctor she had chosen and was assighned [sic] to in contract."  The complaint includes form attachments for fraud, premises liability and breach of contract to appear to take issue with Ms. Rivers' treatment by multiple physicians although she was assigned to "specific doctors" and experienced delay and interruption in treatment.  The complaint references Nurse Washington as a supervisor.

The Government challenges the complaint's medical malpractice sounding claims in absence of an administrative claim to invoke this Court's subject matter jurisdiction.  Upon dismissal of the medical malpractice sounding claims, the Government seeks remand of remaining claims to Fresno County Superior Court.  Ms. Rivers agrees to such dismissal and remand.

/ / /

2

**DISCUSSION**

**F.R.Civ.P. 12(b)(1) Motion To Dismiss Standards**

F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). A "court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *U.S. v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

When addressing an attack on the existence of subject matter jurisdiction, a court "is not restricted to the face of the pleadings." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988). In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *Smith v. Rossotte*, 250 F.Supp.2d 1266, 1268 (D. Or. 2003) (a court "may consider evidence outside the pleadings to resolve factual disputes apart from the pleadings").

No presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts does not preclude evaluation of the merits of jurisdictional claims. *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). On a factual attack of a complaint with affidavits or other evidence, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1040, n. 2 (9th Cir. 2003).

When a court considers "items outside the pleading" on a F.R.Civ.P. 12(b)(1) motion, the court resolves "all disputes of fact in favor of the non-movant." *Dreier v. United States*, 106 F.3d 844, 847

1   (9th Cir. 1996).  The Ninth Circuit Court of Appeals explains that "where the district court has properly

2   considered items outside the complaint in considering a motion to dismiss, the standard we apply upon

3   de novo review of the record is similar to the summary judgment standard that the district court

4   purported to apply."  *Drier*, 106 F.3d at 847.

5       With these standards in mind, this Court turns to the Government's challenges to Ms. Rivers'

6   medical malpractice sounding claims.

7                          **Sovereign Immunity And FTCA Requirements**

8       "The United States, as sovereign, is immune from suit save as it consents to be sued." *United*

9   *States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769 (1941).  "There cannot be a right to money

10  damages without a waiver of sovereign immunity." *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct.

11  948, 954 (1983).  "[T]he United States may not be sued without its consent and . . . the existence of

12  consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961,

13  2965 (1983).

14      A waiver of traditional sovereign immunity is not implied but must be unequivocally expressed.

15  *See Testan*, 424 U.S. at 399, 96 S.Ct. at 953-954.  "[S]tatutes which are claimed to be waivers of

16  sovereign immunity are to be strictly construed against such surrender." *Safeway Portland Emp. Federal*

17  *Credit Union v. Federal Deposit Ins. Corp.*, 506 F.2d 1213, 1216 (9th Cir. 1974).

18      A party bringing a cause of action against the federal government bears the burden of showing

19  an unequivocal waiver of immunity.  *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir.1983), *cert.*

20  *denied*, 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984).  "Thus, the United States may not be sued

21  without its consent and the terms of such consent define the court's jurisdiction." *Baker v. United States*,

22  817 F.2d 560, 562 (9th Cir. 1987), *cert. denied*, 487 U.S. 1204, 108 S.Ct. 2845 (1988).  "The question

23  whether the United States has waived its sovereign immunity against suits for damages is, in the first

24  instance, a question of subject matter jurisdiction." *McCarthy*, 850 F.2d at 560.  "Absent consent to sue,

25  dismissal of the action is required." *Hutchinson v. U.S.*, 677 F.2d 1322, 1327 (9th Cir. 1982).

26      The Government explains that FTCA compliance, including administrative exhaustion, is

27  required in that this action is deemed an action against the Government under the FTCA through the

28  FSHCAA.  *See Estes v. U.S.*, 302 Fed.Appx. 563, 564 (9th Cir. 2008) (FTCA "provides the exclusive

remedy for medical malpractice by a health care provider" who falls under FSHCAA).

The FTCA requires a government tort plaintiff, prior to filing a district court action, to present a "claim to the appropriate Federal agency" and the agency's claim denial.  28 U.S.C. § 2675.  The FTCA "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. U.S.*, 508 U.S. 106, 107, 113 S.Ct. 1980 (1993) (quoting 28 U.S.C. § 2675(a)); *see Jerves*, 966 F.2d at 518 ("before an individual can file an action against the United States in district court, she must seek an administrative resolution of her claim").  Under 28 U.S.C. § 2401(b), a claimant must file a district court action within six months of an agency's claim denial or expiration of six months within which the agency must act, 28 U.S.C. § 2675(a).

The Ninth Circuit Court of Appeals has explained:

> The requirement of an administrative claim is jurisdictional. . . . Because the requirement is jurisdictional, it "must be strictly adhered to.  This is particularly so since the FTCA waives sovereign immunity.  Any such waiver must be strictly construed in favor of the United States."

*Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (citations omitted.); *see Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("We have repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly.")

"[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."  *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497 (1980).  "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984 (1993).

Moreover, a district court lacks jurisdiction if a civil action is filed prior to an agency's six months for review.  In *McNeil*, 508 U.S. at 111, 113 S.Ct. 1980, the U.S. Supreme Court explained:

> . . .Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

"A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." *Jerves*, 966 F.2d at 519 (dismissal proper in that plaintiff had "not met the jurisdictional requirements" by commencing action before receiving the final agency denial of claim and "without allowing six months to elapse from the date of her initial administrative filing").

Furthermore, an action filed prior to exhaustion, cannot be remedied by amendment after expiration of the six-month administrative review period. "To permit the premature filing of an FTCA action to be cured by the filing of an amended complaint upon denial of the administrative claim would be inconsistent with both *McNeil* and the rationale behind the jurisdictional prerequisite mandated by the FTCA, 28 U.S.C. § 2675(a)." *Sparrow v. U.S. Postal Service*, 825 F.Supp. 252, 254 (E.D. Cal. 1993). "If the claimant is permitted to bring suit prematurely and simply amend his complaint after denial of the administrative claim, the exhaustion requirement would be rendered meaningless." *Sparrow*, 825 F.Supp. at 255.

There is no dispute that Ms. Rivers failed to bring an administrative claim prior to filing her complaint, and she appears to concede as much. The above authorities establish that this Court lacks jurisdiction over the complaint's claims sounding in medical malpractice to warrant their dismissal. The complaint's fraud, premises liability and breach of contract claims exceed the FSHCAA's scope and are subject to remand. *See* 42 U.S.C. 233(a).

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DISMISSES with prejudice the complaint's medical malpractice claims and REMANDS this action and its remaining claims to the Fresno County Superior Court.

IT IS SO ORDERED.

**Dated:   January 31, 2013            /s/  Lawrence J. O'Neill**
                                     UNITED STATES DISTRICT JUDGE